UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELIPE TEM, *et al.*,

                      Plaintiffs,

          -against-                             **REPORT AND**
                                                **RECOMMENDATION**
TIMO SUSHI & TERIYAKI INC., *et al.*,        19 CV 6368 (DG) (CLP)

                      Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On November 11, 2019, plaintiffs Felipe Tem and Clemente Rodriguez filed a Complaint against Kuma NYC Inc., Zhi Xiong Ouyang,[1] Timo Sushi & Teriyaki Inc., and Sun Lung Wong, alleging violations of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law, §§ 190 et seq. and §§ 650 et seq. (ECF No. 1). On December 20, 2019, counsel from the firm of Hang & Associates, PLLC (the "Firm") filed a notice of appearance on behalf of defendants Timo Sushi & Teriyaki, Inc. and Sun Lung Wong (hereinafter, "defendants"). (ECF No. 9). These defendants answered the Complaint on January 17, 2020. (ECF No. 13).

       On June 1, 2021, the Firm filed a motion to withdraw as attorneys for defendants. (ECF Nos. 20, 21). The Court granted that motion on September 10, 2021 and gave defendant Sun Lung Wong until October 8, 2021 to retain counsel. (ECF No. 25). Defendant Sun Long Wong was repeatedly warned that a corporation may not proceed *pro se*. (See ECF Nos. 48, 50, 51).[2]

---

[1] The other defendants, Kuma NYC Inc. and Zhi Xiong Ouyang, settled plaintiffs' claims against them in mediation on February 22, 2021. The parties filed a motion for settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) (see ECF Nos. 36–37), and this Court found the settlement fair and reasonable. (See ECF No. 41). On July 27, 2022, the district court dismissed defendants Kuma NYC Inc. and Zhi Xiong Ouyang from this action.

[2] See La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (holding "a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court *pro se*") (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) and

1

After multiple extensions of time were given to allow defendants to retain counsel, Sun Lung Wong has still not retained counsel on behalf of himself or the corporation.

On February 6, 2023, plaintiffs' counsel, Giustino Cilenti, Esq., notified the Court during a status conference that, upon consultation with plaintiffs, plaintiffs intend to dismiss the case without prejudice against both defendant Sun Lung Wong and defendant Timo Sushi & Teriyaki, Inc. (See ECF No. 52).

On April 19, 2023, plaintiffs' counsel submitted an executed stipulation of dismissal without prejudice as to defendant Sun Lung Wong (ECF No. 54), and a status report. (ECF No. 55). In the status report, plaintiffs explained that because the corporate defendant Timo Sushi & Teriyaki, Inc., "is not being represented by counsel no one can stipulate on its behalf to dismiss the action against it." (Id.) Since the corporate entity is no longer in business and has no assets, plaintiffs have indicated in their letter that they do not want to spend the time and resources to seek a default against the corporation. Therefore, they "respectfully request that the Court simply enter an order advising that unless plaintiffs take action by a date certain[,] the action against Timo Sushi & Teriyaki, Inc. will be dismissed, without prejudice, for [plaintiffs'] failure to prosecute, after which time the Court can simply enter an order dismissing the action against the corporation." (Id.)

## DISCUSSION

Pursuant to Rule 41(a)(1), where the defendant has not served an answer or filed a motion for summary judgment, a plaintiff may voluntarily dismiss the action on its own without further order of the court. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Rule 41(a)(1)(A)(ii) allows the parties to submit a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ.

---

Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)), adopting report and recommendation, id. at 345–56.

2

P. 41(a)(1)(A)(ii). However, in this case, neither of these options are available. Since the defendants previously filed an answer, the option of voluntary dismissal under Rule 41(a)(1)(A)(i) is no longer available to plaintiffs. The other option of a stipulation signed by all parties is also not available because the corporate entity, Timo Sushi & Teriyaki, Inc., does not have counsel and therefore has no one who may sign the stipulation of dismissal on its behalf. Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) (affirming the district court's vacatur pursuant to Rule 60(b)(4) of a judgment entered upon signed stipulation of a *pro se* individual defendant on behalf of himself and a *pro se* corporation and agreeing with the district court's holding that "'[a] corporation cannot execute a stipulation of settlement while appearing *pro se* in a federal court'") (quoting Grace v. Rosenstock, No. 85 CV 2039, 2004 WL 5840881, at *6 (E.D.N.Y. Sept. 30, 2004)).

Rule 41(a)(2) provides that an action that cannot be dismissed as provided in Rule 41(a)(1) "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As further set out in this subparagraph of the Rule, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. While such a dismissal "'is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted.'" Spellman v. Takeda Dev. Ctr. Ams., Inc., No. 19 CV 5608, 2021 WL 1224886, at *2 (E.D.N.Y. Mar. 31, 2021) (quoting Lopes v. First Unum Ins. Co., No. 09 CV 2642, 2012 WL 3887517, at *1 (E.D.N.Y. Sept. 7, 2012)); Rhoden v. Mittal, No. 18 CV 6613, 2020 WL 8620716, at *2 (E.D.N.Y. Oct. 26, 2020), report and recommendation adopted, 2021 WL 857396 (E.D.N.Y. Feb. 23, 2021). "'[G]enerally . . . a voluntary dismissal without prejudice . . . will be allowed if the defendant will not be prejudiced thereby.'" Center for Discovery, Inc. v. D.P., No. 16 CV 3936, 2018 WL

1583971, at *5 (E.D.N.Y. Mar. 31, 2018) (internal quotation marks omitted) (quoting Riley v. United States, 78 Fed. App'x 774, 776 (2d Cir. 2003) (summary order)), adopting report and recommendation as modified, 2017 WL 9674514 (E.D.N.Y. July 17, 2017).

There are "'[t]wo tests . . . developed in the Second Circuit for determining whether dismissal without prejudice would be inappropriate.'" Rhoden v. Mittal, 2020 WL 8620716, at *2 (quoting GFE Global Fin. & Eng'g Ltd. v. ECI Ltd. (USA), Inc., 291 F.R.D. 31, 36 (E.D.N.Y. 2013)). One considers whether the dismissal without prejudice would cause any "plain legal prejudice" to the defendant "beyond the prospect of a second lawsuit." Id. (citing Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)). The second test considers factors set out by the Second Circuit in Zagano v. Fordham University, namely:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

Camilli v. Grimes, 436 F.3d at 123 (citing D'alto v. Dahon Calif., Inc., 100 F.3d 281, 283 (2d Cir. 1996), and Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

In this case, a dismissal without prejudice at this stage would not work any prejudice to the *pro se* corporate defendant. As mentioned, the plaintiffs and the individual defendant have already stipulated to a dismissal without prejudice. (ECF No. 54). The corporate defendant did not raise any counterclaims in its Answer (ECF No. 13), and therefore would not face any legal prejudice from this dismissal without prejudice. See Camilli v. Grimes, 436 F.3d at 124 (explaining that "when the Supreme Court identified 'plain legal prejudice' . . . [, it] was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed").

4

Further, plaintiffs have litigated this matter in good faith and, due to no fault of plaintiffs, although this matter has been ongoing for years, little progress has been made because the corporate defendant is essentially defunct, has failed to obtain counsel, and thus cannot proceed to defend in this action. Moreover, the risk that plaintiffs might choose to recommence the litigation is minimal; plaintiffs indicate that "because the corporation is essentially defunct, plaintiffs' [sic] do not intend to pursue their claims." (ECF No. 55). It is for this reason that plaintiffs have not moved for default judgment against the corporate defendant because any effort to collect a judgment against the defendant would be futile.

Since there is no other basis on which this matter can end without working legal prejudice to plaintiffs or causing plaintiffs to unnecessarily incur additional costs, as explained by plaintiffs in their status report,[3] the Court respectfully recommends that the court dismiss the action against the corporate defendant if plaintiffs file a motion requesting such dismissal under Rule 41(a)(2).[4]

## CONCLUSION

Accordingly, the Court respectfully recommends that the district court so-order the executed stipulation of dismissal (ECF No. 54), dismissing the action without prejudice against the individual defendant. Additionally, the Court respectfully recommends that the plaintiffs file a motion seeking dismissal under Rule 41(a)(2) and that the district court grant such a motion.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a). Failure to file objections within the specified time waives the right to

---

[3] The Court respectfully recommends that plaintiffs' suggestion, to require plaintiffs to take some action then enter a dismissal based on their failure to do so, be denied and the dismissal pursuant to Rule 41(a)(2) be pursued instead.
[4] Although the court could choose to construe the plaintiffs' status letter as a motion to dismiss, this Court recommends that the better course would be for plaintiffs to file a motion as outlined above.

5

appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "'failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision'") (quoting Small v. Secretary of Health & Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

Dated: Brooklyn, New York
       July 21, 2023

                                              /s/ Cheryl L. Pollak
                                              Cheryl L. Pollak
                                              United States Magistrate Judge
                                              Eastern District of New York